Avis Mildred Dvorak, appellee, v. Richard E. Dvorak, appellant.

No. 52361.

(Reported in 149 N.W.2d 197)

March 7, 1967.

Mossman & Mossman, of Vinton, for appellant.

C. E. Hutchins, of Belle Plaine, for appellee.

Stuart, J.—Defendant has appealed from the judgment and decree of the trial court which awarded a divorce to plaintiff. He urges two propositions for reversal. (1) Plaintiff's evidence failed to meet the standards of proof required in Iowa to obtain a divorce on the grounds of cruel and inhuman treatment. (2) Plaintiff's testimony was not corroborated as required by Iowa law. Plaintiff did not file a written brief and we have

examined the court reporter's transcript in an effort to find evidence to support the trial court's decision. We conclude there is insufficient evidence to corroborate plaintiff's testimony and will devote our attention to this proposition setting out no more of plaintiff's testimony than we deem necessary.

■ I. Section 598.7, Code of Iowa, requires corroboration of complaining party's testimony. It need not be corroborated in every detail. It is sufficient if it tends to establish the ground relied upon. Cimijotti v. Cimijotti, 255 Iowa 77, 80, 121 N.W.2d 537, 539. Here plaintiff relied on cruel and inhuman treatment.

■ It is apparent from her testimony that she has had an unpleasant married life. Her husband runs a junkyard in an industrial neighborhood in Belle Plaine. Their home was also located in this area. Defendant made no effort to keep the premises orderly and allowed weeds to go uncut. Plaintiff worked hard both at home and outside the home. Defendant apparently was satisfied with a bare living and quit a good job in Clinton to return to the junk business. Plaintiff quit trying to make the marriage work after defendant quit his job. He apparently swore a great deal and had a violent temper. There is no serious claim of physical cruelty. A tragedy occurred when an older son died suddenly of an obstruction in his throat. Both parents were deeply affected. It is easy to understand why plaintiff desires to leave this depressing situation. Without detailing the evidence, we will assume there was sufficient proof of cruel and inhuman treatment if corroborated.

Plaintiff testified the evening she told defendant she wanted a divorce he said: " 'All right, if that's the way you want it, why, I'll just make it easy for you.' He went to the back room, got the rifle, went to the basement, and I heard a rifle bang. I was afraid to go down so I called the law."

The chief of police testified for plaintiff and verified the call. The police made two searches and found defendant hiding in the basement behind the furnace. They had a flashlight and never saw defendant with a gun. Defendant denies making these statements to his wife and claims the gun fired accidentally when it was dropped.

The chief of police testified the home was located in a poor housing area and that the junkyard was weedy, disorderly and an eyesore.

Julia Abel, plaintiff's close friend and a registered nurse, testified for plaintiff. In her opinion plaintiff had had an unhappy marriage. She did not testify about defendant's conduct toward plaintiff, or mention a single act of cruel and inhuman treatment. She did not even testify as to his temper or tendency to swear. She apparently knew very little about defendant. She testified plaintiff's health and mental attitude had improved since she separated from defendant. This question and answer were received into evidence: "And, from what you heard [in the courtroom] and what was going on, on the stand what had happened, as a professional nurse with several years of experience, do you think that the conduct of her husband, if it were true, and the things he said, would have eventually affected her health and possibly endangered her life? A. Very definitely."

Arlene Waddell another old friend of plaintiff testified she and the youngest son were nervous and upset while she was living with defendant and that both improved after the separation. Defendant's name was not mentioned. There is no testimony of his character, habits or treatment of plaintiff.

Occasionally corroboration may be found in defendant's testimony. Cimijotti v. Cimijotti, supra. That was not the case here. Although we agree with the trial court that his testimony was not satisfactory in many respects, it could not be said to furnish corroboration for plaintiff.

We must therefore conclude that there was not sufficient corroboration of plaintiff's testimony to meet the statutory requirements and are compelled to hold the trial court erred in granting plaintiff a divorce under this evidence.—Reversed.

All JUSTICES concur.